IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:13-CR-00002-Y |
| | § | |
| AZEEZ AHMED AL-GHAZIANI | § | |

## PLEA AGREEMENT

Azeez Ahmed Al-Ghaziani, William Biggs, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Al-Ghaziani understands that he has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Al-Ghaziani waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. § 922(g)(3), that is, Unlawful User of a Controlled Substance in Possession of a Firearm. Al-Ghaziani understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

    a. imprisonment for a period not to exceed ten years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

    c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Al-Ghaziani violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law, and which Al-Ghaziani agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: Al-Ghaziani understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Al-Ghaziani has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Al-Ghaziani will not be allowed to withdraw his plea if his sentence is higher than expected. Al-Ghaziani fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Prior to sentencing, Al-Ghaziani agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement**: Al-Ghaziani shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Al-Ghaziani shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Al-Ghaziani expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Al-Ghaziani's ability to satisfy any financial obligation imposed by the Court. Al-Ghaziani fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Al-Ghaziani agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Al-Ghaziani's full and immediately enforceable financial obligation. Al-Ghaziani understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Government's agreement**: The government will not bring any additional charges against Al-Ghaziani based upon the conduct underlying and related to Al-Ghaziani's plea of guilty. The government will file a Supplement in this case, as is

routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Al-Ghaziani or any property.

8. **Violation of agreement**: Al-Ghaziani understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Al-Ghaziani for all offenses of which it has knowledge. In such event, Al-Ghaziani waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Al-Ghaziani also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Al-Ghaziani waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and

sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Al-Ghaziani, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, (c) to bring a claim of ineffective assistance of counsel, and (d) appeal the application of a four-level increase to his base offense level pursuant to United States Sentencing Guideline § 2K2.1(b)(6)(B).

11.  **Representation of counsel**: Al-Ghaziani has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Al-Ghaziani has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Al-Ghaziani has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.  **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

[Nothing Further on This Page]

AGREED TO AND SIGNED this 6th day of June, 2013.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____    _____
AZEEZ AHMED AL-GHAZIANI            ERRIN MARTIN
Defendant                          Assistant United States Attorney
                                   Texas State Bar No. 24032572
                                   1100 Commerce Street, Third Floor
                                   Dallas, Texas 75242-1699
                                   Telephone: 214.659.8600
                                   Facsimile:  214.767.4104
                                   Email:      Errin.Martin@usdoj.gov

_____    _____
WILLIAM BIGGS                      GARY C. TROMBLAY
Attorney for Defendant             Deputy Criminal Chief

Plea Agreement - Page 6

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          _June 4 2013_____
Azeez Ahmed Al-Ghaziani                  Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          _6/4/13_____
William Biggs                            Date
Attorney for Defendant

Plea Agreement - Page 7