# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case number:  4:13-CR-002-Y (1) |
| | Errin Martin, assistant U.S. attorney |
| AZEEZ AHMED AL-GHAZIANI | William Reynolds Biggs, attorney for the defendant |

On June 12, 2013, the defendant, Azeez Ahmed Al-Ghaziani, entered a plea of guilty to count one of the two-count indictment filed on January 8, 2013.  Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 922(g)(3) | Possession of a Firearm by an Unlawful User of a Controlled Substance, a Class C felony | October 2, 2012 | One |

The defendant is sentenced as provided in pages two through three of this judgment.  The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

Upon the motion of the government all remaining counts are dismissed as to this defendant only.

The defendant shall pay immediately a special assessment of $100 for count one of the two-count indictment.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed September 5, 2013

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed September 5, 2013

## IMPRISONMENT

The defendant, Azeez Ahmed Al-Ghaziani, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 16 months on count one of the two-count indictment. This sentence shall run consecutively to any future sentences imposed in unrelated Case No. 1251598, which is pending in Tarrant County Criminal Court No. 8, Fort Worth, Texas, and unrelated Case No. CR-2012-02370-A, which is pending in Denton County Court, Denton, Texas.

The defendant is remanded to the custody of the United States marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years on count one of the two-count indictment.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1) not leave the judicial district without the permission of the Court or probation officer;
( 2) report to the probation officer in a manner and frequency directed by the Court or probation officer;
( 3) answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4) support the defendant's dependents and meet other family responsibilities;
( 5) work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6) notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7) refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8) not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9) not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11) notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12) not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13) notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer;

Judgment in a Criminal Case
Defendant:   Azeez Ahmed Al-Ghaziani                                                                      Judgment -- Page 3  of  3
Case Number:   4:13-CR-002-Y (1)

    report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

    refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill; and

    participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $30 per month.

## FINE/RESTITUTION

    The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

    Restitution is not ordered because there is no victim other than society at large.

## FORFEITURE

    In accordance with 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Fed.R. Crim.P. 32.2(b)(4)(B), the Court further ORDERS the forfeiture to the United States by the defendant of:

    one Smith & Wesson, Model SW40VE, .40 caliber pistol, bearing serial number DYF8802; and

    one Hawk Industries, H&R 1871, Model Pardner Pump, 12 gauge shotgun, bearing serial number NZ595962.

## RETURN

    I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

                                                      _____

                                                      United States marshal

                                                      BY _____

                                                            deputy marshal